IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENDALL SIMMS | * | |
| Plaintiff *pro se* | * | |
| v. | * | Civil Action No. GLR-14-3706 |
| HARRISON FERRY LIMITED PARTNERSHIP; | * | |
| ARTHUR EDWARDS, JR. | * | |
| Defendants | * | |
| | *** | |

## ORDER

On November 26, 2014, Plaintiff filed a Complaint with Motions to Proceed in Forma Pauperis and for Appointment of Counsel. ECF Nos. 1, 2, 3. Because Plaintiff appears indigent, the Motion to Proceed in Forma Pauperis shall be granted, ECF No. 1.

Plaintiff alleges he sought permission to own a firearm and keep it in his apartment. The management company that owns and operates the apartment complex denied his request. Plaintiff alleges this was discriminatory because the company's employee owned a firearm and kept it on the property. Plaintiff alleges he informed the management company of the employee's gun ownership, but was told he was mistaken. Plaintiff seeks monetary damages for discriminatory practices.

The Complaint fails to state a claim upon which relief may be granted. To the extent the Complaint asserts a violation of the Second Amendment, there is no indication that Defendants are state actors.[1] Even if the named Defendants were state actors, Plaintiff fails to allege any

---

[1] To successfully assert a violation of one's constitutional rights, the named defendants must be state actors. Specifically, the persons charged with a civil rights violation must be a state official, someone who has acted with a state official, someone who has obtained significant aid from a state official, or someone whose conduct is somehow

facts from which a reasonable inference could be drawn that the decision to deny his request was the result of improper discrimination.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  An equal protection claim requires proof of a discriminatory purpose in denying a right to one person which has been freely given to those similarly situated.  See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  There is no allegation that Plaintiff was denied permission where other tenants were granted permission for the purpose of discriminating against Plaintiff on the basis of race, sex, religion, or national origin.  Also, Plaintiff does not assert he was otherwise entitled to keep a gun on the premises leased from Defendants, but was denied for a discriminatory purpose.

Accordingly, it is this 12th day of December 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. Plaintiff's Motion to Appoint Counsel (ECF No. 3) IS DENIED;

3. The Complaint IS DISMISSED for failure to state a claim upon which relief may be granted;

4. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff; and

5. The Clerk SHALL CLOSE this case.

/s/
_____
George L. Russell, III
United States District Judge

---

attributable to the state.  Defendants named in the instant Complaint are not state officials nor is their conduct attributable to the state.